UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                        Plaintiff,<br><br>v.<br><br>IVETTE FLORES,<br><br>                        Defendant. | Case No.:  8cr3758 (JM)<br><br>**ORDER DENYING MOTION FOR EXPUNGEMENT** |

      Defendant Ivette Flores, proceeding *pro se*, filed a Motion for Expungement requesting that her prior conviction for inducing and encouraging illegal aliens to enter the United Staes in violation of 8 U.S.C. § 1324(a)(1)(A)(iv) and (v)(II) and aiding and abetting be expunged. (Doc. No. 35 at 1.)  Defendant was charged by Information and pled guilty to the charges in November 2008. (Doc. Nos. 11 & 18; Docket Entry No. 15.)  Defendant seeks to expunge this conviction because she "would like better job opportunities" and to live "without so many restrictions."  (Doc. No. 35 at 2.)

      A defendant who seeks expungement requests "judicial editing of history." *United States v. Crowell*, 374 F.3d 790, 792 (9th Cir. 2004).)  "[I]n general when a defendant moves to expunge records, she asks that the court destroy or seal the records of the fact of the defendant's conviction and not the conviction itself." *Id*.  Expungement on its own "does not alter the legality of the previous conviction and does not signify that the

defendant was innocent of the crime to which he pleaded guilty." *Id.* (quoting *Dickerson v. New Banner Institute, Inc.*, 460 U.S. 103, 114-22 (1983)).

The Ninth Circuit recognizes two sources of authority by which courts may expunge records of a criminal conviction: statutes and the court's inherent authority. *Crowell*, 374 F.3d at 793. Where a statute governs, "Congress has set the conditions by which the courts may expunge records of federal convictions in particular cases." *Id.* at 792. Alternatively, federal courts have inherent authority to grant expungements of criminal records in appropriate and extraordinary cases, although this is not a general power granted by Congress. *Id.* at 793. Under that authority, district courts do not have the power "to expunge a record of a valid arrest and conviction solely for equitable considerations" because "the expungement of the record of a valid arrest and conviction usurps the powers that the framers of the Constitution allocated to Congress, the Executive, and the states." *United States v. Sumner*, 226 F.3d 1005, 1014 (9th Cir. 2000). Accordingly, "a district court's ancillary jurisdiction is limited to expunging the record of an unlawful arrest or conviction, or to correcting a clerical error." *Id.*

Here, Defendant requests the court expunge her conviction for inducing and encouraging illegal aliens to enter the United States and aiding and abetting under 8 U.S.C. § 1324(a)(1)(A)(iv) and (v)(II), writing: "this was the most horrible life episode that could have happened to me" and that "[i]f I had known what it's like to be in prison and lose everything I lost after all this I don't think I would have done it for any reason." (Doc. No. 35 at 2.) Since that time, Defendant explains how she has completed a course in welding fabrication and has worked as a welder for "Jim's Welder and Demko Company" and has also worked for Etching Expressions, Motel 6, Andaz Hotel, Inn at the Park, and cleans houses on her days off to earn extra money. (*Id.*) Defendant's expungement request is based on a desire to have better job opportunities, and aspirations to a better life without so many restrictions. (*Id.*)

Though the court recognizes and commends Defendant Flores for her maturity, career, and law-abidingness, under *Crowell*, the court does not have the power "to expunge

a record of a valid arrest and conviction solely for equitable considerations." *Crowell*, 374 F.3d at 794. Rather, it is limited to expunging the record of an unlawful arrest or conviction, or to correcting a clerical error." *Id*. Collateral consequences, such as obstacles to pursuing better job opportunities, are insufficient to warrant relief. *See Sumner*, 226 F.3d at 1015 (holding that a district court does not have ancillary jurisdiction in a criminal case to expunge an arrest or conviction record where the sole basis alleged by the defendant is that he or she seeks equitable relief such as enhancing employment opportunities.) There is no suggestion that Defendant's conviction was in any way unlawful or invalid, or that there was any clerical error. *See Crowell*, 374 F.3d at 794. Though Defendant's career prospects may be limited by her prior conviction, the court cannot grant expungement based on that reason alone. *See id*.

In light of the foregoing, the court **DENIES** the Motion for Expungement (Doc. No. 35).

**IT IS SO ORDERED**

Dated: October 29, 2024

_____
Hon. Jeffrey T. Miller
United States District Judge